AO 241
(Rev. 12/04)

07-835

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Delaware | |
|---|---|---|
| Name (under which you were convicted): Kashawn D. Weston | | Docket or Case No.: 0423-2005 |
| Place of Confinement : D.C.C. 1181 Paddock Rd Smyrna Del, 19977 | | Prisoner No.: 264279 |
| Petitioner (include the name under which you were convicted) Kashawn D. Weston | Respondent (authorized person having custody of petitioner) v. Thomas Carroll Warden | |
| The Attorney General of the State of Delaware: Joseph R. Biden III | | |

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:
    Superior Court
    Sussex County Georgetown Del.

    (b) Criminal docket or case number (if you know): 0300036857

2.  (a) Date of the judgment of conviction (if you know): 6-11-2003

    (b) Date of sentencing: 8-1-03

3.  Length of sentence: 10 yrs- level II decreasing levels supervision

4.  In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes  ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:
    Poss of fire arm during the comm. of Felony Endangering the welfare of a child,
    Poss of a firearm by Person Prohibited (4 cts) Poss. of drug paraphernalia (II cts.)
    main. dwelling keeping controlled substances
    Tampering with physical evid.
    Conspiracy 2nd.
    Poss. cocaine

6.  (a) What was your plea? (Check one)

    ☒ (1)  Not guilty      ☐ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty          ☐ (4)  Insanity plea

FILED

DEC 18 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD Scanned
NO IFP

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did

you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8.    Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court: Delaware Supr. Ct.

(b) Docket or case number (if you know): 2004 WL 1551341 (Del.Supr.)

(c) Result: Affirmed

(d) Date of result (if you know): 7-2-04

(e) Citation to the case (if you know): 852 A2d 908

(f) Grounds raised: Trial court erred; denied motion Judgement of acquittal
failed to merge the poss. cocaine charge with maintra dwelling
imposing excessive sentence.

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev. 12/04)

Page 4

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions
concerning this judgment of conviction in any state court?     ☒ Yes     ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: Sussex Superior Court

(2) Docket or case number (if you know): 0301003687

(3) Date of filing (if you know): 6-28-05

(4) Nature of the proceeding: Post conviction Rule 61

(5) Grounds raised: 1. Failure to allow def. to testify
2. Failure to consult def. on grounds direct appeal.
3. Failure to file Pretrial motion. Motion to Dismiss indictment
4. Ineffective Assistance Counsel failing to raise critical issue
5. Counsel didn't order full record for appeal purposes.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: denied

(8) Date of result (if you know): 1-23-2006

AO 241
(Rev. 12/04)

Page 5

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Del. Supr. Ct.

(2) Docket or case number (if you know): No. 96, 2006

(3) Date of filing (if you know): Sub: 10-27-06

(4) Nature of the proceeding: Appeal Postconviction

(5) Grounds raised: 1. Ineffective Assistance Counsel/right to testify
2. Counsel failed to consult def. on appeal
3. Failure to file Pretrial motion.
4. Ineffective Assistance failing to raise critical issue on appeal.
5. The absence of a complete record on appeal

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☒ No

(7) Result: Affirmed

(8) Date of result (if you know): 1-11-2007

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☑ Yes   ☐ No

(2) Second petition: ☐ Yes   ☐ No

(3) Third petition: ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Failure To consult with defendant regarding grounds For APPEAl'. Inaffective assistance of counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial counsel didn't consult with defendant as to what issues to raise on Appeal'.

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241
(Rev. 12/04)

(c)  **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

Raised on Post conviction Counsel Filed Direct Appeal

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 61

Name and location of the court where the motion or petition was filed:

Superior Court Georgetown Del.

Docket or case number (if you know): 0300036847

Date of the court's deeision: 1-23-2006

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Delaware Supreme Court Dover Del.

Docket or case number (if you know): No. 96, 2006

Date of the court's decision: 1-11-2007

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

GROUND TWO: Failure To File Pre Trial motions

Ineffective assistance of counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel was ineffective for failing to file a motion to dismiss count 3 of the indictment.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

Raised on Post conviction Counsel Filed Direct Appeal

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 61

Name and location of the court where the motion or petition was filed:

Superior Court Georgetown Del.

Docket or case number (if you know): 03\003687

Date of the court's decision: 1-23-2006

AO 241
(Rev. 12/04)

Page 9

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Delaware Supreme court Dover Del,

Docket or case number (if you know): No. 96, 2006

Date of the court's decision: 1-11-2007

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you : have used to exhaust your state remedies on Ground Two

Filling this Habeas Corpus

**GROUND THREE:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241
(Rev. 12/04)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**     N / A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐   Yes     ☐   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐   Yes     ☐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

| | | | | | |
|---|---|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | | ☐ | Yes | ☐ | No |
| (4) Did you appeal from the denial of your motion or petition? | | ☐ | Yes | ☐ | No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ | Yes | | ☐ | No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 12/04)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☑ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

AO 241
(Rev. 12/04)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the
       judgment you are challenging:

       (a) At preliminary hearing:


       (b) At arraignment and plea:


       (c) At trial: John Braby  Georgetown Del, Public defenders off.

       (d) At sentencing: John Braby


       (e) On appeal: Public defender  John Braby


       (f) In any post-conviction proceeding:  Pro-Se


       (g) On appeal from any ruling against you in a post-conviction proceeding:  Pro-Se


17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are
       challenging? .        ☐ Yes   ☒ No

       (a) If so, give name and location of court that imposed the other sentence you will serve in the future:



       (b) Give the date the other sentence was imposed:

       (c) Give the length of the other sentence:

       (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
       future?                ☐ Yes   ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
       the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241
(Rev. 12/04)

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Reverse And Remand
For a new trial; For a Violation of Sixth Amendment.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on   9/15/07   (month, date, year).

Executed (signed) on   9/15/07   (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

_____
[insert appropriate court]

* * * * *

## IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KASHAWN D. WESTON, | § | |
| | § | No. 96, 2006 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware, in and |
| v. | § | for Sussex County. |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Def. ID No. 0301003687 |
| Appellee. | § | |

Submitted: October 27, 2006
Decided: January 11, 2007

Before **HOLLAND, BERGER** and **JACOBS,** Justices.

### ORDER

This 11th day of January 2007, it appears to the Court that:

(1)     The appellant, Kashawn D. Weston, has appealed the Superior Court's

January 23, 2006 summary denial of his motion for postconviction relief. After

considering the parties' briefs and the Superior Court record, we affirm the Superior

Court's decision.

(2)     In June 2003, a Superior Court jury convicted Weston of drug and

weapon offenses. The Superior Court sentenced Weston to ten years at Level V

followed by decreasing levels of supervision. On direct appeal, this Court affirmed.[1]

---

[1]*Weston v. State*, 2004 WL 1551341 (Del. Supr.).

(3)    Weston filed a motion for postconviction relief alleging ineffective assistance of counsel at trial and on direct appeal. The Superior Court summarily denied Weston's motion. This appeal followed.

(4)    Weston claims that his defense counsel coerced him not to testify, failed to object to the prosecutor's closing argument, and refused to discuss his appeal.[2] Weston argues that the Superior Court erred when it ruled on his allegations of ineffective assistance of counsel without obtaining an affidavit from defense counsel.[3]

(5)    The transcript of the closing argument does not support Weston's claim that the prosecutor "express[ed her] personal opinion on [the] merits of the case during closing arguments." Thus the Court concludes that the Superior Court did not err when summarily denying Weston's ineffective counsel claim based on prosecutorial misconduct.

(6)    Weston claims that his defense counsel threatened to withdraw if he chose to testify in his own defense. According to Weston, his defense counsel's threats prevented him from taking the stand to tell the jury "his version of the

---

[2]To the extent Weston has failed to brief his other postconviction claims, *e.g.*, that his defense counsel failed to file a motion to dismiss indictment, those claims are deemed abandoned and have not been addressed on appeal. *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997).

[3]*See* Del. Super. Ct. Crim. R. 61(g)(2) (2006) (providing that the Superior Court may direct defense counsel to file an affidavit in response to allegations of ineffective assistance of counsel).

2

incident," namely that "he did not live in the [master] bedroom" where some of the contraband was found.[4]

(7)    To prevail on his ineffective assistance of counsel claim, Weston must demonstrate that counsel's representation was objectively unreasonable and that, but for that unreasonable representation, there is a reasonable probability that the outcome of the proceeding would have been different.[5] Weston has not satisfied those requirements.

(8)    The record does not support Weston's claim that his defense counsel threatened to withdraw and that, as a result, his decision not to testify was involuntary. The record reflects that when Weston was given an opportunity to address concerns about his defense counsel to the Superior Court, Weston alleged only that his counsel had failed to subpoena witnesses. Moreover, in the same discussion, when the Superior Court specifically asked Weston if he wished to take the stand to "tell [his] side of the story," Weston answered "[n]o."[6]

---

[4]The record reflects that other witnesses testified that contraband was found in various locations including the master bedroom, and that Weston slept in the spare bedroom.

[5]*Brawley v. State*, 1992 WL 353838 (Del. Supr.) (citing *Robinson v. State*, 562 A.2d 1184, 1185 (Del. 1989) (quoting *Strickland v. Washington*, 466 U.S. 668 (1984))).

[6]Trial Tr. at C-39 (June 11, 2003).

3

(9)    Under the circumstances of this case, Weston's allegations of ineffective

assistance of counsel were sufficiently belied by the record. For that reason, the Court

has determined that the Superior Court did not abuse its discretion when it decided

Weston's postconviction motion in the absence of a responding affidavit from defense

counsel.[7] Similarly an affidavit from defense counsel was not necessary to rule on the

merit of Weston's arguments on appeal.[8]

(10)    It is manifest that the  appeal should be affirmed on the basis of the

Superior Court's well-reasoned decision dated January 23, 2006. The Superior Court

did not abuse its discretion when determining that Weston could not establish a

meritorious claim of ineffective assistance of counsel.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court

is AFFIRMED.

BY THE COURT:

_____
Justice

---

[7] *See* Del. Super. Ct. Crim. R. 61(d)(4) (2006) (providing that the Superior Court may summarily dismiss a postconviction motion if it "plainly appears" that the defendant is not entitled to relief).

[8] *Compare id. with Horne v. State*, 887 A.2d 973, 974-75 (Del. 2005) (determining on appeal from denial of postconviction motion that trial court record without counsel's responding affidavit was "incomplete and inadequate").

4

# Certificate of Service

I, _Bashawn Weston_, hereby certify that I have served a true
And correct cop(ies) of the attached: _Petition under 28 USC 2254 for_
_writ of habeas corpus_ upon the following
parties/person (s):

TO: _Office of the clerk_          TO: _____
_United States District_           _____
_Court 844 N King Street,_         _____
_Lockbox 18 Wilmington_            _____
_DE, 19801_                        _____

TO: _US Department of_             TO: _____
_Justice, 1007 orange_             _____
_street, suite 700_                _____
_P.O. Box 2046_                    _____
_Wilmington, DE, 19899_            _____

**BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.**

On this _15_ day of _December_ ,200_7_

_Bashawn E Weston_

