IN THE DISTRICT COURT OF DELAWARE

**KASHAWN WESTON**  (
    Petitioner   ( Case Number <u>07-835</u>-JFF
  v.   (
**PERRY PHILLIPS**
    Warden
    DCC

## MOTION TO AMMEND

    Petitioner Kashawn Weston hereby moves this Honorable court pursuant to Federal Rules of Criminal Procedures Rule 15 to amend his petition to incorporate the enclosed argument.



FILED
JUN 2 3 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

*Kashawn Weston*
Delaware Correctional Center

The petitioner presented the substance of this claim to the stated court to give it a fair "opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim". Hill v. Lockhart, 28 F.3d 832, 834-35 (8th cir. 1994). (See DI 1 exhibit-A at 3).

### State Procedural Bar Superior Court Rule 61 (i)(1)(2)(3)

The petitioner claims that he was prevented from presenting his due process claim to the stated court during trial and direct appeal by his trial counsel's failure to present issues he wanted to raise on his appeal when given the opportunity during the post conviction proceedings petitioner raised the issue and now invokes the law of the case doctrine pursuant to Superior Court Rule 61 (i)(4); Weedon v. State, 750 A.2d 521 (2000); Burell v. United States 467 F.3d 160; Alvarez v. United States, 167 F.Appx. 155. In that in the interest of justice petitioner would be entitled to the decision in Bethly. Had counsel raised the issue on his direct appeal, petitioner would have been entitled to the Delaware case law of Gandner v. State, 567 A.2d 404; in which police found a weapon in the bed stand where drugs were being sold. The state court ruled that there was no nexus between the drug sales and weapon found. Gandner, 567 A.2d 404. The petitioner was prejudiced by being convicted of a weapons offense based upon less than proof beyond a reasonable doubt which is a violation of clearly established Federal law. Bethly.

### The State Court's Findings Are Not Entitled to the Presumption of Correctness § 2254 (e)(1)

In Deputy v. Taylor, 19 F.3d 1485, 1496 (3rd cir. 1994); the Third Circuit Court of Appeals held that the state court's conclusion that a constitutional error was harmless was a mixed question of law and fact not entitled to presumption of correctness. Petitioner claims that due to the fact that his counsel failed to raise the weapon issue during direct appeal, he was denied effective assistance of counsel; Strickland v. Washington, 466 U.S. 668, 698 (1984). The constitution is clear in stating that a criminal defendant cannot be convicted of a crime on less that proof beyond a reasonable doubt; Jackson v. VA, 443 U.S. 307, 309. Using either standard of Bethy or Gandner, the state court record is clear the petitioner could not be convicted of the weapon offense in state court.

The petitioner was convicted of Possession of a deadly weapon during the commission of a Felony in Sussex County Delaware by the Superior Court which The Delaware Supreme Court affirmed on *July 2, 2004*. The petitioner raised the issue of a violation of his constitutional right to a fair trial based upon the court's finding him guilty of possession of the weapon found in a guestroom in the property where he was arrested. (see argument). Petitioner claims based on the Third Circuit Court of Appeals decision in **United States v. Brown**, *3 F.3d 673, 680 (3rd cir. 1993)*, "The court ruled the government cannot establish dominion and control by showing petitioner's mere proximity to the (gun), or mere presence on the property where it is located." **Brown, 3 F.3d 673, 682.** This is what respondent did at petitioner's trial, no evidence corroborates the respondents case that the gun found in a third party's house guestroom was ever petitioners. This violated clearly established federal law as established in the Fourteenth Amendment's Right to Due Process; **Jackson v. VA**, *443 U.S. 307, 319 (1979)*. Adapted by the Third Circuit in **United States v. Iafelice**, *978 F.2d 92, at 96 (3rd cir. 1992)*. In order for a defendant to have "constructive possession it requires both 'dominion and control' over the object and knowledge of that objects existence." Id. 978 F.2d at 96. In other words the government must prove beyond a reasonable doubt that: 1) Petitioner had knowledge of the guns existence. 2) Petitioner had the power to exercise dominion and control over the gun. 3) Petitioner had the intent to exercise dominion and control over said gun. **U.S. v. Bethly**, *511 F.supp.2d 426,431 (D. Del. 2007)*. In the present case, the state offered the following circumstantial evidence which it contends supports their conviction, 1) The petitioner was found in a house there drugs were found. (D.I. Exhibit A). This constitutes all the evidence in their case which is in violation of the Due Process Clause of The Fourteenth Amendment, when evidence was insufficient to prove petitioner had either "dominion or control" over the gun. Policano v. Herbert, 430 F.3d 82, 92-93 (2nd cir. 2006).

### Under § 2254 (d)(1)

The state prisoner would be entitled to his habeas corpus petition if he shows the state court decision is contrary to or involve an unreasonable application of clearly established Federal law as determined by The Supreme Court; Williams v. Taylor, 529 U.S. 362, 405 (2000). Petitioner claims in order for the state court to uphold his conviction for the possession of the deadly weapon during the commission of a Felony indictment they had to prove that he had dominion or control of the weapon. Bethly, 511 F.supp.2d, at431 (D. Del. 2007). This did not happen in the case at bar in violation of the U.S. Supreme Court's decision contrary to clearly established Federal law as determined by the Supreme Court, Williams, 529 U.S. 362,405.

### Exhaustion of State Remedies

      Under the due process clause of the Fifth Amendment, the state is required to prove beyond a reasonable doubt, every element of the crime with which petitioner was charged; ***IN re Winship***, *397 U.S. 358, 364 (1970).*

In this case, petitioner was charged with a violation of **11 Del. C. § 1447**, possession of a deadly weapon during the commission of a felony. In the case at bar, the sale of drugs, "constitutes a felony." However, under the ***Gandner***, state of Delaware standard or the, ***Bethly***, standard for conviction of a possession of a deadly weapon, "the defendant" had to have, "dominion of control" over the gun. There is absolutely no evidence in the state court record which would allow a conviction for possession of a deadly weapon in this case, ***§ 1447***.

      Therefore, due to counsel's ineffectiveness and the state court's failure to correct this fundamental miscarriage of justice, the petitioner stands convicted of a weapons offense on proof of less than the standard mandated by the Fifth Amendment and the Supreme court in ***IN re. Winship***; ***Fiore v. White***, *531 U.S. 225, 228 – 229 (2001)*; ***Sullivan v. La***, *508 U.S. 275, 278 (1993)*; ***Apprendi v. New Jersey***, *530 U.S. 466, 488 – 92 (2000).*

      WHEREFORE, Petitioner Kashawn D. Weston, hereby moves the honorable court to grant the enclosed Amended petition under Rule 15 and vacate/remand these proceedings to state court for a determination of Delaware's ***11 Del. C. § 1447 Statute***, and or grant his habeas corpus in part.

*/s/ Kashawn Weston*

**Kashawn D. Weston**

# Certificate of Service

I, __Kashawn D. Weston__ hereby certify that I have served a true
And correct cop(ies) of the attached: __Motion to Ammend__
_____ upon the following
parties/person (s):

TO: _____
U.S. District Court
844 N. King Street
Wilmington, Delaware
19801

TO: _____
_____
_____
_____
_____

TO: _____
Departant of Justice
820 N. King Street
Wilmington, Delaware
19801

TO: _____
_____
_____
_____
_____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _____ day of _____ , 200 __



U.S. Disrict Court
844 N. King Street
~~Wilmington, Del~~

19801

BR 8