IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **KASHAWN WESTON,**<br><br>  Petitioner<br><br>v.<br><br>**PERRY PHELPS, Warden**, and<br>**ATTORNEY GENERAL OF**<br>**THE STATE OF DELAWARE,**<br><br>  Respondents | )<br>)<br>)<br>)<br>) Civ. Act. No. 07-835-JJF<br>)<br>)<br>)<br>)<br>)<br>) |

### ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, respondents submit the following in response to the petition for a writ of habeas corpus:

1. In February 2003, the grand jury indicted Kashawn Weston, charging him with several drug and weapons offenses, stemming from a search by police and probation officers of a mobile home on Lilly Meadow Drive near Bridgeville, Delaware. In June 2003, a Superior Court jury, after a three day trial, convicted Weston of possession of a firearm during the commission of a felony; four counts of possession of a firearm by a person prohibited; maintaining a dwelling for keeping controlled substances; tampering with physical evidence; second degree conspiracy; possession of cocaine; endangering the welfare of a child; and two counts of possession of drug paraphernalia. On direct appeal, the state supreme court affirmed Weston's convictions. *Weston v. State*, 2004 WL 1551341 (Del. July 2, 2004).

2. Weston in June 2005 moved for post-conviction relief. In that motion, Weston advanced five specific claims of ineffective assistance of counsel. Superior Court summarily denied the motion (2006 WL 257202), and on

Weston's appeal, the state supreme court affirmed that decision. *Weston v. State*, 2007 WL 135606 (Del. Jan. 11, 2007).

3. Weston has applied for federal habeas relief. DI 1, 12 (amendment to petition). According to Weston, counsel was ineffective on appeal because he did not consult Weston about issues to advance on appeal. In addition, counsel was ineffective at trial because he did not move to dismiss the count of the indictment charging him with conspiracy. DI 1. In his amendment to the petition, Weston also charges that the evidence was insufficient to establish that he possessed a firearm during the commission of a felony and that counsel was ineffective in failing to raise the issue on appeal. DI 12. As set out below, Weston is not entitled to relief.

**Timeliness**:

Under 28 U.S.C. §2244(d)(1), a petition for federal habeas corpus filed by a state prisoner is subject to a one year statute of limitations. The limitation period begins from the latest of the following dates: the date the state court judgment is final; the date on which an impediment to filing, created by state action violating the federal Constitution or federal law, is removed; the date on which a constitutional right is newly recognized and made retroactively applicable; or the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. §2244(d)(1)(A)-(D). Only one of these dates is relevant to Weston: the date on which the state court judgment became final.

a. The state supreme court affirmed Weston's convictions on direct appeal on July 2, 2004. Under §2244(d)(1)(A), a state criminal conviction becomes "final" and the statute of limitations begins to run upon the conclusion of review in the United States Supreme Court or when the time for seeking review by the Court expires. *See, e.g., Kapral v. United States*, 166

F.3d 565, 575, 578 (3d Cir. 1999). The time in which Weston could have applied to the United States Supreme Court for a writ of certiorari expired on September 30, 2004. Thus, Weston had until September 30, 2005 in which to file his federal habeas petition without running afoul of section 2244(d). See Wilson v. Beard, 426 F.3d 653, 662-63 (3d Cir. 2005). The petition, though, was filed on December 15, 2007,[1] thus being untimely under the statute.

b. The limitations period under §2244(d)(1)(A), of course, is tolled by a "properly filed" motion for state post-conviction relief. 28 U.S.C. §2244(d)(2). Weston filed his post-conviction motion on June 16, 2005, at which point 257 days of the year-long limitations period had run, leaving 108 days of the limitations period. The state supreme court decided the post-conviction appeal on January 11, 2007, and the limitations period began to run again.[2] Taking December 15, 2007 as the filing date, 338 days passed between the decision of the state supreme court on Weston's post-conviction appeal and Weston's filing of the federal habeas petition, making Weston's filing of his federal habeas petition untimely by 330 days.[3] Thus, even accounting for the statutory tolling

---

[1] The date of filing is the date the prisoner delivers the petition to prison officials for mailing to the district court, and the date on the petition is the presumptive date of mailing. E.g., Woods v. Kearney, 215 F.Supp.2d 458, 460 (D. Del. 2002). Weston's petition is dated September 15, 2007. DI 1 at 16. But the certificate of mailing attached to the petition is dated December 15, 2007, and the envelope in which the petition was mailed to the Clerk is postmarked December 17, 2007.

[2] The limitations period was not tolled for Weston to seek review by the United States Supreme Court of the decision of the Delaware Supreme Court affirming the denial of his post-conviction motion. Lawrence v. Florida, 127 S.Ct. 1079 (2007).

[3] Even if September 15, the date on the petition itself, is taken as the filing date, Weston fares no better: 247 days would have passed between the January 11, 2007 decision of the state supreme court and the filing of the federal habeas petition, making the filing of the instant action untimely by 139 days.

available to Weston by virtue of his state post-conviction action, the federal habeas petition is untimely.

The limitations period may be tolled for equitable reasons, of course, as this Court has noted. *E.g., Eaves v. Burris*, 529 F.Supp.2d 470, 476 (D. Del. 2008). But one requirement for equitable tolling is that the party invoking the principle have acted diligently in pursuing his rights. *E.g., Pace*, 544 U.S. at 418 (citing *Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89. 96 (1990)). The obligation to act diligently "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period [the prisoner] is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citing *Jones v. Morton*, 195 F.3d 153, 160 (3d Cir. 1999)). Following the affirmance of his convictions on direct appeal, Weston waited nearly a year before seeking state post-conviction relief, and another 11 months (or 8 months, if the petition is deemed to have been filed in September 2007) passed before Weston filed his federal habeas petition. That lapse of time is enough to foreclose any attempt by Weston to invoke equitable tolling. *See Satterfield v. Johnson*, 434 F.3d 185, 196 (3d Cir.2006) ("The record shows that Satterfield waited nearly a year to initiate the process of petitioning for post-conviction relief alleging ineffective assistance of counsel after receiving replacement legal materials. Following dismissal of his PCRA petition, he waited more than eight months to file his habeas petition in federal court. Such a delay demonstrates that Satterfield did not diligently pursue available routes to collateral relief.").

**Claim 1:**

Weston first complains that his attorney did not consult with him regarding the issues to be raised on direct appeal. DI 1 at 6. Weston raised this claim in his state post-conviction appeal. Brf. for Applt. at 5, *Weston v.*

*State*, Del. Supr. Ct. No. 96, 2006. As a result, Weston has exhausted state remedies. *See, e.g., Smith v. Digmon*, 434 U.S. 332 (1978).

The state supreme court, though not expressly referring to Weston's particular argument in its order, nonetheless wrote that "it is manifest that the appeal should be affirmed on the basis of the Superior Court's well-reasoned decision dated January 23, 2006." *Weston*, 2007 WL 135606, order at ¶10. The Superior Court, in turn, had expressly rejected Weston's contention. *Weston*, 2006 WL 257202, at *2-3. The decision of the state supreme court rejecting this particular claim of ineffective assistance is thus an adjudication on the merits that in turn is only subject to review under section 2254(d). *See Chadwick v. Janecka*, 312 F.3d 597, 605-06 (3d Cir. 2002); *Hunterson v. DiSabato*, 398 F.3d 236, 246 (3d Cir. 2002).[4]

In general, a federal court's consideration under section 2254(d)(1) of a habeas petitioner's claim proceeds in two steps. The court must first identify the applicable Supreme Court precedent and determine whether it resolves the petitioner's claim. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). It is not enough for the petitioner to show merely that his reading of Supreme Court precedent is more plausible than the reading given by the state court; he must instead show that Supreme Court precedent requires the contrary outcome. *See Mitchell v. Esparza*, 540 U.S. 12, 17 (2003) ("A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from this Court is, at best, ambiguous."); *Williams v. Taylor*, 529 U.S. 362, 405 (2000) ("A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the

---

[4] Because the state supreme court adopted the reasoning of the Superior Court, reference to the Superior Court decision is appropriate. *Lambert v. Blodgett*, 393 F.3d 943, 970 n.17 (9th Cir. 2004); *Lewis v. Lewis*, 321 F.3d 824, 829 (9th Cir. 2003).

governing law set forth in our cases."). Thus, if the Court has not established "a clear or consistent path" of jurisprudence for the state courts to follow, the prisoner is not entitled to relief. *Lockyer*, 538 U.S. at 72.

If the federal court determines that the state court decision is not contrary to the applicable Supreme Court precedent, then the court must consider whether the state court decision was based on an unreasonable application of this Court's precedent. *E.g., Price v. Vincent*, 538 U.S. 634, 640-41 (2003). In performing this inquiry, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. The habeas petitioner must instead show that the state court applied Supreme Court precedent to the facts of his case in an objectively unreasonable manner. *Woodford v. Visciotti*, 537 U.S. 19, 27 (2002).

"As a threshold matter," however, the federal habeas court must "decide what constitutes 'clearly established Federal law. . . .'" *Lockyer*, 538 U.S. at 71. The phrase "clearly established Federal law" in section 2254(d)(1) refers to the governing legal principles set out by the Supreme Court, as reflected in the holdings of the Court's decisions, when the state court makes its decision. *Lockyer*, 538 U.S. at 71-72 (citing *Bell v. Cone*, 535 U.S. 685, 698 (2002) and quoting and citing *Williams*, 529 U.S. at 405, 412, 413). Supreme Court precedent involving the interpretation of federal statutes is not enough; the relevant body of decisional law is that interpreting the federal Constitution. *Early v. Packer*, 537 U.S. 3, 10 (2002) (Court's holdings on non-constitutional issues are not "relevant to the '2254(d)(1) determination"). The federal habeas court must also decide the level of specificity at which it decides whether the state court decision is contrary to or unreasonably applies the Court's

precedent. *See Wright v. West*, 505 U.S. 277, 311-13 (1992) (Souter, J., concurring in judgment). That requirement of particularity is reflected in *Williams*. In describing the "contrary to" prong of section 2254(d)(1), the Court wrote that a state court decision is contrary to its precedent "if the state court applies a rule that contradicts the governing law set forth in our cases," 529 U.S. at 405, or "if the state court confronts facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent" (529 U.S. at 406). "This language establishes that under [section 2254(d)(1)] the Court views its precedents in their particular factual settings. The touchstone precedents are not to be examined by looking to broad pronouncements or generative principles in the opinion." *Fischetti v. Johnson*, 384 F.3d 140, 148 (3d Cir. 2004). *See id.* at 149 ("[I]n analyzing habeas claims for unreasonable application of the law, the Supreme Court has looked at its own baseline precedents through a sharply focused lens."). General principles from which a rule may be derived are not a rule for this purpose. *Sawyer v. Smith*, 497 U.S. 227, 236 (1990) (citing *Anderson v. Creighton*, 483 U.S. 635, 639 (1987)).

Against this backdrop, Weston can not make out a claim for relief. Under *Jones v. Barnes*, 463 U.S. 745 (1983), the Sixth Amendment does not require defense counsel to advance on appeal every non-frivolous issue urged by his client. Though the Court in *Jones* noted that the American Bar Association had recognized an attorney's consultation with his client to be desirable or appropriate, the Court made it clear that the imprimatur of the ABA did not mean that the particular practice was constitutionally required. 463 U.S. at 753 n.6. Along similar lines, the Court's general statement in *Strickland v. Washington*, 466 U.S. 668, 688 (1984) that counsel has a duty "to consult with the defendant on important decisions" does not make the decision

of the Delaware Supreme Court in Weston's case unreasonable. The statement in *Strickland* is dicta, as the case before the Court in *Strickland* did not pose the question of counsel's duty to consult with the defendant regarding issues to be raised on appeal. As noted above, only holdings of the Supreme Court, not dicta, constitute part of the "clearly established Federal law" for purposes of section 2254(d)(1). *See, e.g., Carey v. Musladin*, 127 S.Ct. 649, 653 (2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)); *Yarborough v. Alvarado*, 541 U.S. 652, 660-61 (2004) (quoting *Williams*). In the absence of Supreme Court precedent that required defense counsel to consult with Weston about the issues to be raised on direct appeal, the decision of the state supreme court rejecting Weston's claim was not contrary to or an unreasonable application of clearly established federal law. *E.g., Carey*, 127 S.Ct. at 654; *Mitchell*, 540 U.S. at 17.

**Claim 2**:

Count 3 of the indictment charged Weston with second degree conspiracy, but as originally drafted, the indictment did not allege that Weston had conspired with a particular person or, more generally, with another person. Defense counsel moved for a judgment of acquittal on that count, but after taking the issue under advisement, the trial judge denied the motion and allowed the prosecution to amend count 3 to allege that Weston had conspired with another person. Appx. to Brf. for Applt. at A95-100, 114-15, 117-29, *Weston v. State*, Del. Supr. Ct. No. 433, 2003.

In his post-conviction motion, Weston charged that trial counsel had been ineffective in failing to move, before trial, to dismiss count 3. The Superior Court judge denied relief, writing that if the motion to dismiss had been filed before trial, he nonetheless would have allowed the prosecution to amend count 3. Thus, as the Superior Court judge saw it, Weston had not

established prejudice under *Strickland.* 2006 WL 257202, at *3. Weston, however, did not raise this issue in his post-conviction appeal, and the state supreme court noted that the claim was deemed abandoned. *Weston,* 2007 WL 135606, order at ¶4 n.2 (specifically referring to claim that defense counsel had failed to move to dismiss indictment).

Weston contends that counsel was ineffective in failing to have moved to dismiss count 3 before trial. DI 1 at 8. But against the procedural backdrop of the state court proceedings, it is clear that Weston did not exhaust state remedies because he did not present the claim to the state supreme court. *E.g., McLaughlin v. Carroll,* 270 F.Supp.2d 490, 511 (D. Del. 2003). In turn, Weston is excused from the exhaustion requirement. *E.g., McLaughlin,* 270 F.Supp.2d at 511. But the claim is procedurally defaulted by virtue of Weston's failure to advance the claim in his post-conviction appeal. *E.g., McLaughlin,* 270 F.Supp.2d at 511-12; *Carter v. Neal,* 910 F.Supp. 143, 151-52 (D. Del. 1995). Consequently, unless Weston can establish cause for his procedural default and resulting prejudice, *e.g., Smith v. Murray,* 477 U.S. 527, 533-38 (1986), or that a miscarriage of justice will result if the Court refuses to consider his claim of ineffective assistance, *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991), it must be dismissed. Weston, however, has not alleged cause for his failure to have raised the issue in his post-conviction appeal. Because Weston has not established cause for his procedural default, this Court need not reach the question of whether he has shown any actual prejudice. *See Coleman,* 501 U.S. at 757; *Smith,* 477 U.S. at 533; *McLaughlin,* 270 F.Supp.2d at 513. In turn, the "miscarriage of justice exception" to the procedural default rule applies only to "extraordinary cases." *Coleman,* 501 U.S. at 750; *Murray v. Carrier,* 477 U.S. 478, 496 (1986). Invocation of the "miscarriage of justice" principle requires that the petitioner to "show that it is

more likely than not that no reasonable juror would have convicted him in light of newly discovered evidence of innocence." *Schlup v. Delo*, 513 U.S. 298, 332 (1995) (O'Connor, J., concurring). *See, e.g., Calderon v. Thompson*, 523 U.S. 538, 539 (1998); *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004). Weston offers no basis for the Court to conclude that he meets the "miscarriage of justice" standard, and this claim of ineffective assistance should accordingly be dismissed.

**Claim 3**:

Weston was charged with possession of a firearm during the commission of a felony (count 4 of the indictment), the underlying felony being maintaining a dwelling for keeping controlled substances (count 2). At trial, defense counsel moved for a judgment of acquittal on count 4. Appx. to Brf. for Applt. at A107-14, *Weston v. State*, Del. Supr. Ct. No. 433, 2003. However, there was no argument on appeal that the evidence was insufficient to convict Weston of count 4. *See* Brf. for Appellee at 9 n.1, *Weston v. State*, Del. Supr. Ct. No. 433, 2003; *Weston*, 2004 WL 1551341, order at ¶5 n.1. In the state post-conviction proceedings, Weston raised no claim about the sufficiency of the evidence on count 4 or about defense counsel's failure to raise the issue on direct appeal. Weston now contends that the evidence was insufficient to convict him of the weapons offense and that counsel was ineffective in failing to raise the issue on direct appeal. DI 12.

The problem for Weston is that he never made these claims in the state courts. As explained by the Court in *Lawrie v. Snyder*, 9 F.Supp.2d 428, 453-54 (D. Del. 1998), the claims are unexhausted; Weston is excused from the exhaustion requirement because there are no available state remedies, the claims now being foreclosed by Superior Court Criminal Rule 61(i)(2); and the claims are procedurally defaulted (by virtue of not being raised in Weston's first

post-conviction motion). Consequently, unless Weston can establish cause for his procedural default and resulting prejudice, *e.g., Smith,* 477 U.S. at 533-38, or that a miscarriage of justice will result if the Court refuses to consider the two claims, *Coleman,* 501 U.S. at 750-51, they must be dismissed. Weston, however, does not explain why he did not raise the issues in his post-conviction motion. Because Weston has not established cause for his procedural default, the Court need not reach the question of whether he has shown any actual prejudice. *See Coleman,* 501 U.S. at 757; *Smith,* 477 U.S. at 533. In turn, the "miscarriage of justice exception" to the procedural default rule applies only to "extraordinary cases." *Coleman,* 501 U.S. at 750. But Weston offers no basis for the Court to conclude that he meets the "miscarriage of justice" standard, and his claims regarding his conviction for possession of a firearm during the commission of a felony should accordingly be dismissed.

**State Court Records**: Based upon the Superior Court docket sheet, it appears that the transcript of Weston's trial and sentencing have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production could take 90 days from the issuance of any such order by the Court. Respondents also note that, based upon the Superior Court docket, it appears that defense counsel was *not* asked to submit an affidavit under Criminal Rule 61(g)(2) in response to Weston's claims of ineffective assistance of counsel.

The petition for a writ of habeas corpus should accordingly be dismissed without further proceedings.

/s/ Loren C. Meyers
Loren C. Meyers
Deputy Attorney General
Criminal Division
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar ID 2210
loren.meyers@state.de.us

August 26, 2008

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of the United States District Court for the District of Delaware, hereby certifies that on August 26, 2008,

1. He caused two copies of the attached document (Answer) to be deposited in the United States Mail, first class postage prepaid, addressed to the following non-registered participant:

Kashawn D. Weston
No. 264279
Vaughn Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977

2. He electronically filed the Answer with the Clerk of the District Court using CM/ECF.

Loren C. Meyers
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8500
Del. Bar ID 2210
loren.meyers@state.de.us