IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
KESHAWN WESTON,                      :
                                     :
            Petitioner,              :
                                     :
     v.                              :    Civ. Act. No. 07-835-JJF
                                     :
PERRY PHELPS, Warden, and            :
ATTORNEY GENERAL OF THE              :
STATE OF DELAWARE,                   :
                                     :
            Respondents.             :
```

Keshawn Weston.  Pro Se Petitioner.

Loren C. Meyers, Deputy Attorney General, Delaware Department of
Justice, Wilmington, Delaware.  Counsel for Respondents.

**MEMORANDUM OPINION**

January 21 , 2009
Wilmington, Delaware

Farnan, District Judge

Pending before the Court is an Application For A Writ Of
Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by
Petitioner Keshawn Weston ("Petitioner"). (D.I. 1.) For the
reasons discussed, the Court concludes that the Petition is time-
barred by the one-year period of limitations prescribed in 28
U.S.C. § 2244(d)(1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

In June 2003, a Delaware Superior Court jury convicted
Petitioner of possession of a firearm during the commission of a
felony; four counts of possession of a firearm by a person
prohibited; maintaining a dwelling for keeping controlled
substances; tampering with physical evidence; second degree
conspiracy; possession of cocaine; endangering the welfare of a
child; and two counts of possession of drug paraphernalia.
The Delaware Supreme Court affirmed Petitioner's convictions and
sentences. Weston v. State, 852 A.2d 908 (Table), 2004 WL
1551341 (Del. July 2, 2004).

On June 16, 2005, Petitioner filed a typed motion for state
post-conviction relief pursuant to Delaware Superior Court
Criminal Rule 61, asserting five specific claims of ineffective
assistance of counsel. ("Rule 61 motion"). Thereafter, on June
30, 2005, Petitioner filed another Rule 61 motion asserting the
same five ineffective assistance of counsel claims, but this time

1

Petitioner used the proper form for a Rule 61 motion, with a typed heading stating "Relate Back to the time the original post-conviction was filed." (D.I. 19, App. to State's Ans. Br. in Weston v. State, No.96,2006, at pp. B-107 to B-118.) The Superior Court summarily denied the motion. State v. Weston, 2006 WL 257202 (Del. Super. Ct. Jan. 23, 2006). The Delaware Supreme Court affirmed the Superior Court's judgment. Weston v. State, 918 A.2d 339 (Table), 2007 WL 135606 (Del. Jan. 11, 2007)

Petitioner filed the pending habeas Petition in 2007, asserting that defense counsel was ineffective for failing to file a motion to dismiss Count 30 of the Indictment and for failing to consult with Petitioner about the issues to raise on direct appeal. The State filed an Answer requesting the Court to dismiss the Petition as untimely.

## II. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. See generally Lindh v. Murphy, 521 U.S. 320, 336 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time

for seeking such review;

(B) the date on which the impediment to filing an
application created by State action in violation of the
Constitution or laws of the United States is removed, if the
applicant was prevented from filing by such State action;

© the date on which the constitutional right asserted was
initially recognized by the Supreme Court, if the right has
been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or
claims presented could have been discovered through the
exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Petition, filed in 2007, is subject to the one-year

limitations period contained in § 2244(d)(1).  See Lindh, 521

U.S. at 336.  Petitioner does not allege, nor can the Court

discern, any facts triggering the application of § 2244(d)(1)(B),

©, or (D).  Accordingly, the one-year period of limitations began

to run when Petitioner's conviction became final under §

2244(d)(1)(A).

In this case, the Delaware Supreme Court affirmed

Petitioner's conviction and sentence on July 2, 2004, and

Petitioner did not file a petition for a writ of certiorari in

the United States Supreme Court.  Consequently, Petitioner's

conviction became final for the purposes of § 2244(d)(1) on

September 30, 2004.  See Kapral v. United States, 166 F.3d 565,

575, 578 (3d Cir. 1999);  see Jones v. Morton, 195 F.3d 153, 157

(3d Cir. 1999).  Accordingly, to comply with the one-year

3

limitations period, Petitioner had to file his § 2254 Application

by September 30, 2005. See Wilson v. Beard, 426 F.3d 653 (3d

Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and

(e) applies to federal habeas petitions).

Petitioner did not file his Petition until December 15,

2007,[1] one year, two months, and fifteen days after AEDPA's

statute of limitations expired. Thus, the Petition is time-

barred, unless the limitations period can be statutorily or

equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d

Cir. 1999). The Court will discuss each doctrine in turn.

## B. Statutory Tolling

Statutory tolling of the one-year limitations period is

authorized by Section 2244(d)(2) of the AEDPA, which provides:

> The time during which a properly filed application for State
> post-conviction or other collateral review with respect to
> the pertinent judgment or claim is pending should not be
> counted toward any period of limitation under this
> subsection.

---

[1]It is well-settled that a prisoner's pro se habeas petition
is deemed filed on the date he delivers it to prison officials
for mailing to the district court. See Longenette v. Krusing,
322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner
transmitted documents to prison authorities is to be considered
the actual filing date); Burns v. Morton, 134 F.3d 109, 113 (3d
Cir. 1998). Although the Petition is dated September 15, 2007,
the certificate of mailing attached to the Petition and signed by
Petitioner is dated December 15, 2007, and the envelope in which
the Petition was mailed to the Clerk's Office is postmarked
December 17, 2007. Therefore, the Court adopts December 15,
2007, the date on the certificate of mailing, as the filing date.
See Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del. 2002);
Gholdson v. Snyder, 2001 WL 657722, at *3 (D. Del. May 9, 2001).

4

28 U.S.C. § 2244(d)(2).  A properly filed application for State
collateral review tolls the AEDPA's limitations period during the
time the action is pending in the state courts, including any
post-conviction appeals.  Swartz v. Meyers, 204 F.3d 417, 424-25
(3d Cir. 2000).  However, a properly filed application for State
collateral review will only toll the limitations period if it was
filed and pending before the expiration of the AEDPA's
limitations period.  See Price v. Taylor, 2002 WL 31107363, at *2
(D. Del. Sept. 23, 2002).

    Petitioner's Rule 61 motion tolls the limitations period
from June 16, 2005, the date on which Petitioner's first Rule 61
motion was filed,[2] through January 11, 2007, the date on which
the Delaware Supreme Court decided Petitioner's post-conviction
appeal.  When Petitioner filed his Rule 61 motion on June 16,
2005, 258 days of the AEDPA's one-year filing period had already
expired.  Consequently, Petitioner only had 107 days left to
comply with the AEDPA's one-year period when the limitations
clock started to run again on January 12, 2007.  There is nothing

_____

[2]The Court uses June 16, 2005 as the filing date of the Rule
61 motion, rather than June 30, 2005, the date on which
Petitioner filed the form motion, for three reasons.  First,
there is nothing in the record to indicate that the Superior
Court rejected the first motion for not being filed on the proper
form.  Second, both motions assert identical claims, and
Petitioner included a heading on the June 30, 2005 asking that
the motion relate back to the first June 16, 2005 motion.  And
finally, the Petition is time-barred regardless of which filing
date is used to trigger statutory tolling.

5

in the record to suggest that Petitioner filed any other state post-conviction applications that would trigger statutory tolling, therefore, it appears that the limitations period ran without interruption until it expired on April 29, 2007. Accordingly, statutory tolling does not render the Petition timely filed.

## C. Equitable Tolling

The AEDPA's limitations period may be equitably tolled, but "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones, 195 F.3d at 159 (3d Cir. 1999). In order to trigger equitable tolling, a petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

(1) where the defendant (or the court) actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; see also Brinson v. Vaughn, 398 F.3d 225,

6

231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

Petitioner does not allege that any extraordinary circumstances prevented him from timely filing the instant Petition. In addition, the fact that Petitioner waited nearly a year after his direct appeal before seeking collateral review in the Delaware State Courts, and another eleven months after his state post-conviction appeal was decided before filing this Petition, demonstrates that he did not diligently pursue available avenues to collateral relief. And finally, to the extent Petitioner made a mistake in computing the relevant deadlines under the AEDPA's statute of limitations, that mistake does not warrant equitably tolling the limitations period. See LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted); Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Accordingly, the Court will dismiss the Petition as time-barred.

7

## III.  **CERTIFICATE OF APPEALABILITY**

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability.  See 3d Cir. L.A.R. 22.2(2008).  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2);  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Id.

The Court has concluded that Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is time-barred.  The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

## IV.  **CONCLUSION**

For the reasons discussed, Petitioner's Application For A

8

Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied. (D.I. 1.)

An appropriate Order will be entered.